IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELSEY DELISLE AND KAITLIN PENNINGTON**, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) Case No. 20-CV-1073-SMY<br>) |
| **MCKENDREE UNIVERSITY,** | )<br>) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant McKendree University's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 19). Plaintiffs filed a response in opposition (Doc. 22) and Defendant filed a reply (Doc. 26). For the following reasons, the motion is **GRANTED**.

## Background

Plaintiffs were students enrolled at McKendree University for the Spring 2020 semester. In March 2020, due to the novel coronavirus pandemic ("COVID-19") and in compliance with Illinois Governor Pritzker's Executive Orders mandating that individuals stay home and avoid group gatherings, McKendree closed its in-person facilities and moved all courses online. Campus activities and athletics were canceled, organizations no longer offered campus programming, and campus buildings were closed.

Plaintiffs filed the instant lawsuit on October 12, 2020 seeking a refund of tuition and fees that they (and the putative class members) paid for the Spring 2020 Semester (Doc. 1). They subsequently filed an Amended Complaint alleging breach of contract (Count I), and in the

alternative, unjust enrichment (Count III) (Doc. 15).[1] McKendree moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19). Specifically, McKendree argues that Counts I and III should be dismissed because (1) Plaintiffs seek damages for educational malpractice, a claim not recognized under Illinois law, (2) Plaintiffs fail to allege a breach of contract, and (3) Plaintiffs do not and cannot establish that McKendree was unjustly enriched.

## Discussion

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 6.86, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555).

---

[1] Plaintiffs voluntarily dismiss without prejudice their claims for breach of implied covenant of good faith and fair dealing (Count II), money had and received (Count IV), and violation of the Illinois Consumer Fraud Act (Count V) (Doc. 22 at 1).

**Educational Malpractice**

As an initial matter, the Court must determine whether the claims asserted in the Amended Complaint allege educational malpractice and are therefore barred. In Illinois, if a claim "raises questions about the reasonableness of an educator's conduct in providing educational services" or "requires an analysis of the quality of education, it is a claim for educational malpractice" and is non-cognizable. *Waugh v. Morgan Stanley & Co.*, 2012 IL App (1st) 102653, ¶ 47, 996 N.E.2nd 540, 555 (internal citations omitted). In other words, "[a] claim that educational services provided were inadequate, substandard, or ineffective constitutes a claim of educational malpractice." *Id.* at 549. To overcome the educational malpractice bar, "the essence of the plaintiff's complaint" must be "not that the institution failed to perform adequately a promised educational service, but rather that it failed to perform that service at all." *Ross v. Creighton Uni.*, 957 F.2d 410, 417 (7th Cir. 1992).

In the Amended Complaint, Plaintiffs allege they were promised (either expressly or implicitly) that they would receive in-person services. McKendree maintains that notwithstanding their designation, Plaintiffs' claims are claims for educational malpractice because they "attack the quality and value of the remote education provided" during the COVID-19 pandemic (Doc. 19 at 6). While the Amended Complaint also refers to Plaintiffs receiving "services of lesser value" and note some mandatory fees (Doc. 15 at 12-13), proof of breach of contract and/or unjust enrichment does not require a determination that online education is lacking as compared to its in-person counterpart or whether the lack of access to libraries, computer labs, on-campus activities and organizations created a qualitative difference between a good educational experience and a poor one. Therefore, the educational malpractice doctrine does not bar the Plaintiffs' claims.

**Breach of Contract**

Plaintiffs allege that in exchange for payment of tuition and mandatory fees, McKendree agreed to enroll the students and grant them full access to campus services and live, in-person instruction and that it breached this contract when it moved to online-only instruction, cancelled campus activities, closed campus, and refused to refund tuition and student fees.  To state a claim for breach of contract under Illinois law, a plaintiff "must allege (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Hongbo Han v. United Cont'l Holdings., Inc.*, 762 F.3d 598, 600 (7th Cir. 2014) (internal citations and quotations omitted).

In an educational setting, a plaintiff "must point to an identifiable contractual promise that the defendant failed to honor." *Fleming v. Chicago Sch. Of Prof's Psychology*, 2019 WL 247537, *3 (N.D. Ill. Jan. 16, 2019). As such, the issue is whether Plaintiffs sufficiently pled that McKendree had a specific contractual obligation to provide in-person services and that McKendree breached that obligation when it moved to online-only instruction, closed the campus, and refused to offer tuition and fee refunds.

Illinois law recognizes that there is a contractual relationship between a university and its students, the terms of which are usually set forth in the university's catalogs and bulletins. *DiPierna v. Chicago Sch. Of Prof'l Psychology*, 893 F.3d 1001, 1006–07 (7th Cir. 2018); *Bissessur v. Ind. Univ. Bd. Of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009).  In that regard, Plaintiffs argue that certain statements in McKendree's course catalogs, handbooks, and website constitute McKendree's promise of in-person services.  Specifically, the course catalog refers to McKendree's online degrees as a discrete and specific offering compared to in-person degrees (Doc. 15 at 14).  Undergraduate students, for instance, are restricted to only take one online course

per semester. *Id.* at 14-15. The catalog also includes a section entitled "Student Services," which states that "the University offers numerous services designed to address different aspects of each student's educational journey." *Id.* at 34.

The above-referenced materials do not contain an explicit promise of in-person services. Rather, they paint a picture of the experience students may expect to gain at McKendree. McKendree's website contains essentially marketing materials which "are not among the terms of the contract between universities and their students." *Galligan v. Adtalem Glob. Educ. Inc.*, No. 17 C 6310, 2019 WL 423356, at *6 (N.D. Ill. Feb. 4, 2019).

Alternatively, Plaintiffs assert that the totality of communications McKendree directed to students created an implied contract for in-person services. To establish an implied contract between themselves and a university as to a specific right, students must "first show that the implied contract establishes an entitlement to a tangible continuing benefit." *Bissessur*, 581 F.3d at 601, 602. This requires an identifiable contractual promise that the university failed to honor. *Id.* In that vein, the Seventh Circuit has recognized, "a formal university-student contract is rarely employed and, consequently, 'the general nature and terms of the agreement are usually implied, with specific terms to be found in the university bulletin and other publications; custom and usages can also become specific terms by implication.'" *Ross v. Creighton Univ.*, 957 F.2d 410, 417 (7th Cir. 1992) (quoting *Wickstrom v. North Idaho College*, 725 P.2d 155, 157 (1986)).

In addition to McKendree's course catalog, handbook, and website, Plaintiffs cite the "course of conduct" between the parties and "Defendant's usual and customary practice" as supporting an implied contract for in-person services (Doc. 15 at 26-27; Doc. 22 at 14-15). As the Court previously noted, "the website descriptions of student experiences, activities and physical access do not guarantee the exact same experiences offered in the photographs, words, and

descriptions found on the website." *Nathaniel Polley, et al v. Northwestern Univ.*, No. 20 C 4798, 2021 WL 4192076, at *8 (N.D. Ill. Sept. 15, 2021). Additionally, the fact that McKendree provided in-person instruction and services prior to COVID-19 does not "imply a contractual entitlement to instruction in the same location and manner. It merely reflects the pre-pandemic practice." *Hernandez v. Illinois Inst. of Tech.*, No. 20-CV-3010, 2021 WL 1600171, at *5 (N.D. Ill. Apr. 23, 2021) (internal quotations and citations omitted).[2]

In viewing the allegations of the Amended Complaint in the light most favorable to Plaintiffs, and for the above reasons, the Court concludes that the Amended Complaint fails to sufficiently plead a breach of contract claim.

### Unjust Enrichment

To state an unjust enrichment claim under Illinois law, Plaintiffs must allege that McKendree has unjustly retained a benefit to their detriment and that McKendree's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *Banco Panamericano, Inc. v. City of Peoria, Ill.*, 880 F.3d 329, 333 (7th Cir. 2018) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). Relatedly, "Illinois law does not allow a claim of unjust enrichment where there is a contract that governs the relationship between the parties, unless the claim falls outside the subject matter of the contractual relationship." *Illinois ex rel. Hammer v. Twin Rivers Ins. Co.*, No. 16 C 7371, 2017 WL 2880899, at *10 (N.D. Ill. July 5, 2017).

Generally, an unjust enrichment claim may be pleaded in the alternative, so long as the

---

[2] Plaintiffs cite cases from other jurisdictions to support their contention that they have sufficiently pled a breach of contract claim. However, this Court finds several cases decided in the Northern District of Illinois – applying Illinois law and dismissing nearly identical claims – persuasive. *See Nathaniel Polley, et al v. Northwestern Univ.*, No. 20 C 4798, 2021 WL 4192076 (N.D. Ill. Sept. 15, 2021); *Hernandez v. Illinois Inst. of Tech.*, No. 20-CV-3010, 2021 WL 1600171 (N.D. Ill. Apr. 23, 2021); *Buschauer v. Columbia College Chi.*, 2021 WL 1293829 (N.D. Ill. Apr. 6, 2021); *Oyoque v. Depaul Univ.*, 2021 WL 679231 (N.D. Ill. Feb. 21, 2021); *Gociman v. Loyola Univ. of Chicago*, 2021 WL 243573 (N.D. Ill. Jan. 25, 2021).

plaintiff has not incorporated allegations of a contract into her unjust enrichment claim. *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006). Here, the Amended Complaint specifically incorporates Plaintiffs' allegations in paragraphs 1-78 to support their unjust enrichment claim. This includes admissions that the parties have a contract (Doc. 15 at 28). Moreover, had Plaintiffs not incorporated the allegations of a contract, their unjust enrichment claim would still fail because the breach of contract claim fails. *See Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) (where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, ... unjust enrichment will stand or fall with the related claim"). Consequently, Count III is dismissed.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint (Doc. 19) is **GRANTED**. Counts I and III are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:** September 27, 2021

2021.09.27
13:27:27 -05'00'

**STACI M. YANDLE**
**United States District Judge**