**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KELSEY DELISLE<br>and RILEY PONCE, on behalf<br>of themselves and all others<br>similarly situated, | ) <br>) <br>) <br>) <br>) | |
| Plaintiffs, | ) <br>) | Case No.: 3:20-cv-01073-SMY |
| v. | ) <br>) | |
| MCKENDREE UNIVERSITY, | ) <br>) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

THE PARTIES .................................................................................................... 2

    Plaintiffs ......................................................................................................... 2

    Defendant ....................................................................................................... 2

JURISDICTION AND VENUE ......................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ............................... 3

    Overview of McKendree University ............................................................. 3

    Benefits of Defendant's in-person services .................................................. 4

    Plaintiffs contracted with Defendant for in-person services ........................ 10

    COVID-19 related campus restrictions ........................................................ 16

    Plaintiff Delisle's Experience ...................................................................... 17

    Plaintiff Ponce's Experience ........................................................................ 18

DEFENDANT'S PRACTICES ARE UNETHICAL AND VIOLATED ESTABLISHED ETHICAL STANDARDS ............................................................ 19

    AMA Statement of Ethics ............................................................................ 19

CLASS ACTION ALLEGATIONS .................................................................. 20

COUNT I: BREACH OF CONTRACT ............................................................ 23

COUNT II: UNJUST ENRICHMENT ............................................................. 25

PRAYER FOR RELIEF ..................................................................................... 26

JURY DEMAND ................................................................................................ 27

i

PLAINTIFFS KELSEY DELISLE and RILEY PONCE ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Third Amended Complaint against DEFENDANT MCKENDREE UNIVERSITY ("McKendree" or "Defendant") based on personal knowledge as to their own actions and on information and belief, based on the investigation of counsel, as to Defendant's conduct and practices.

## INTRODUCTION

1.      Plaintiffs bring this class action individually and on behalf of a Class of similarly situated individuals (referred to collectively as "Class Members") consisting of students at McKendree University who did not receive the in-person services that they paid for during part of the 2020 Spring Semester as a result of McKendree's effective closing of its campuses and its switching to online instruction due to risks associated with the Novel Coronavirus Disease ("COVID-19"). Based on Defendant's actions, Plaintiffs and Class Members did not receive their bargained for in-person services, including in-person courses, activities, and services relating to student fees that they paid. Despite this, Defendant retained the tuition and student fees that Plaintiffs and Class Members paid for these in-person services.

2.      Plaintiffs do not challenge Defendant's decision to effectively close its campus and transition to online-only classes because of the COVID-19 pandemic, but the effect of this decision was that Plaintiffs and Class Members were deprived of the many benefits of the full in-person services for which they paid. This includes in-person instruction, access to campus facilities, participation in campus organizations and student activities, and services related to student fees. Plaintiffs and Class Members did not choose to attend an institution that offered only an online education; instead, they chose and paid for the in-person services.

1

3.    Defendant's actions as alleged herein constitute a breach of contract and violate the equitable principles of unjust enrichment.

## THE PARTIES

**Plaintiffs**

4.    Plaintiff Kelsey Delisle is a citizen of the State of Illinois. She was an in-person undergraduate student at McKendree during the 2020 Spring Semester.

5.    Plaintiff Riley Ponce is a citizen of the State of Illinois. She was an in-person undergraduate student at McKendree during the 2020 Spring Semester.

**Defendant**

6.    Defendant McKendree University is a non-profit organization that owns and operates a private university and whose mission is to provide a high quality educational experience to outstanding students. It states that it "guide[s] its students in the pursuit of academic excellence which will prepare them for leadership roles in our society. To this end we encourage broader vision, enriched purpose, engagement with community, commitment to responsible citizenship, openness to new ideas and dedication to lifelong learning."[1] Its main campus is at 701 College Road, Lebanon, Illinois.[2]

## JURISDICTION AND VENUE

7.    This is a class action under Rule 23 of the Federal Rules of Civil Procedure.

8.    This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Because some Class Members and Defendant are citizens of different states, there is

---

[1] McKendree University, 2016 Form 990, available at https://pdf.guidestar.org/PDF_Images/2017/370/661/2017-370661219-0fab88b7-9.pdf?_ga=2.257029643.1017683722.1595803416-1787215151.1594244053 (accessed 8/31/2020).

[2] *See* https://www.mckendree.edu/about/locations/index.php (accessed 8/31/2020).

2

minimal diversity. The amount in controversy exceeds $5,000,000 exclusive of interest and costs. There are at least 100 Class Members.

9.      This Court has personal jurisdiction over Defendant because it resides in this district.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) both because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

### Overview of McKendree University

11.     McKendree is a private university, the "first university in Illinois,[3] with its home campus in Lebanon, Illinois.

12.     McKendree states on its website that it "offers programs and courses at several locations throughout Illinois and Kentucky, as well as online."[4]

13.     McKendree offers a wide variety of undergraduate[5] and graduate programs.[6] It also offers online courses, online associate degrees, online bachelor's degrees, online master's degrees, and an online doctoral degree.[7]

14.     McKendree's mission is "to provide a high quality educational experience to outstanding students."[8]

---

[3] https://www.mckendree.edu/offices/president/index.php (accessed 8/31/2020).

[4] https://www.mckendree.edu/about/about-mck/locations-programs.php (accessed 8/31/2020).

[5] https://www.mckendree.edu/academics/programs/index.php (accessed 8/31/2020).

[6] https://www.mckendree.edu/admission/info/graduate/index.php (accessed 8/31/2020).

[7] https://www.mckendree.edu/admission/info/online/index.php (accessed 8/31/2020).

[8] https://www.mckendree.edu/offices/president/mission.php (accessed 8/31/2020).

**Benefits of Defendant's in-person services**

15.    In recruiting students, McKendree promotes many benefits associated with its in-person services that do not remain when it offers only online instruction away from campus.

16.    For example, McKendree's homepage emphasizes its "vibrant community and the "personalized education" it offers: "As a Bearcat, you'll join a vibrant community, make valuable connections, and serve others in the world around you. You'll develop strong leadership skills, learn from expert faculty, and attain the personalized education you deserve."[9] Here is a screenshot:

17.    McKendree also emphasizes its residential communities, small class size, and location of its campus: "Our 234 acre campus is home to 43 buildings and 5 residential communities. With an average class size of 14 and over $16 million awarded in institutional aid yearly, our 30 minute commute to St. Louis makes us the ideal university for any student."[10] It adds: "With 54 undergraduate degree programs, an abundance of internship opportunities, almost 30 athletic programs, and 86 student organizations, it's no wonder our graduates boast a **97% post-graduation success rate.**" *Id*. (emphasis in original).

---

[9] https://www.mckendree.edu/ (accessed 8/31/2020).

[10] https://www.mckendree.edu/admission/info/undergraduate/index.php (accessed 8/31/2020).

4



18.    Under a heading entitled "Our Value," it advertises: "McKendree offers **small
classes**, **personal attention**, **caring faculty**, and classmates who have always linked education
with **service** and **leadership**." *Id*. (emphasis in original).

> **Our Value**
>
> McKendree offers **small classes**, **personal attention**, **caring faculty**, and classmates who have always
> linked education with **service** and **leadership**.

19.    McKendree also tells students they can "Get Involved" in Student
Organizations:[11]



---

[11] https://www.mckendree.edu/student-life/index.php (accessed 8/31/2020)

20.    The "Student Organizations" page says that these groups are all about "[b]uilding character. This is what the McKendree experience is all about. Every day is a new experience where hundreds of your new friends await." The photo of one such organization shows what it's "all about."[12]



21.    Prospective students may then click on "Involvement Opportunities," which links to a page entitled "McKendree Student Involvement Opportunities" that sets forth dozens of ways to get involved, including through many academic fraternities and honor societies, departmental student organizations, religious/faith-based organizations, service groups, social Greek organizations, and special interest groups. Here are just the academic bodies:[13]

---

[12] https://www.mckendree.edu/student-life/involvement/org/index.php (accessed 8/31/2020).

[13] https://www.mckendree.edu/student-life/involvement/org/involvement23.pdf (accessed 8/31/2020).

6

## McKendree Student Involvement Opportunities

| ACADEMIC FRATERNITIES AND HONOR SOCIETIES | | |
|---|---|---|
| **Alpha Psi Omega – National Honorary Theater Fraternity** Advisor – Michelle Magnussen | **Alpha Kappa Delta – International Sociology Honor Society** Advisor – Dr. Melissa Barfield | **Iota Tau Alpha – Athletic Training Honor Society** Advisor – Dr. Dawn Hankins |
| **Kappa Delta Pi – Education Honor Society** Advisor – Dr. Timothy Richards | **Kappa Kappa Psi – National Honorary Band Fraternity** Advisor – John McDonald | **Lambda Pi Eta – Speech Honor Society** Advisor – |
| **National Association for Music Education (NAfME)** Advisor – Dr. Jennifer Moder | **Nursing Honor Society** Advisor – | **Phi Alpha Theta – History Honor Society** Advisor – |
| **Phi Beta Lambda – Business Service Club (R)** Advisor – Darren Cross, MBA | **Phi Eta Sigma – First Year Student Honor Society** Advisor – Dr. Ann Collins, Jennifer Miller | **Phi Kappa Phi – Honor Society** Advisor – Dr. Alan Alewine |
| **Pi Gamma Mu – Social Sciences Honor Society** Advisor – Dr. JL Kemp | **Pi Kappa Delta – Debate Honor Society** Advisor - Joe Blasdel | **Pi Sigma Alpha – Political Science Honor Society** Advisor – Dr. Ann Collins |
| **Psi Chi – Psychology Honor Society** Advisor – Dr. Guy Boysen | **SALUTE – Veteran National Honor Society** Advisor – Daryl Hancock | **Sigma Beta Delta – Business Honor Society** Advisor – |
| **Sigma Tau Delta – English Honor Society** Advisor – Dr. Martha Patterson | **Sigma Zeta – Science Honor Society** Advisor – Dr. Robb Van Putte; Dr. Michelle Schutzenhofer | **Upsilon Pi Epsilon** Advisor – Dr. Christopher Dulaney |

22.    McKendree also promotes its "Campus Activities Office," which "offers numerous opportunities for students as well as their parents and families to become invested and connected to life at McKendree University."[14] That office "serves as a resource center for campus involvement through various programs and services" and "strives to engage students in exploring their co-curricular experiences, beginning at admission and continuing through graduation." *Id*.

---

[14] https://www.mckendree.edu/student-life/involvement/activities/index.php (accessed 8/31/2020).



**Campus Activities Office**

The Office of Campus Activities offers numerous opportunities for students as well as their parents and families to become invested and connected to life at McKendree University. The office serves as a resource center for campus involvement through various programs and services. It strives to engage students in exploring their co-curricular experiences, beginning at admission and continuing through graduation. The Office of Campus Activities sponsors programs for the entire campus community and provides leadership development opportunities for Registered Student Organizations. Our campus community is enriched through student involvement and each student's willingness to create and follow their experiences.

23.    A page titled: "Get Involved at McKendree!" encourages students "to fully participate" because the campus environment "enhances the quality of your educational experience."[15] It adds: "The inclusive spirit and tight community ensure fun and exciting things to do on campus, including athletic events, campus organizations, fine arts events, worship services, and much more! The opportunity to interact outside the classroom is greatly appreciated by our students, faculty and staff." *Id.*



---
[15] https://www.mckendree.edu/student-life/involvement/rso/index.php (accessed 8/31/2020).

8

24.    Campus activities include "Fraternity and Sorority Life," "Student Government Association," "Residence Life Involvement," "Campus Recreation and Intramurals"; "The Lair" "serves as a gathering place for both commuter and resident students" and "provides social, cultural and recreational programming aiming to make leisure time a cooperative factor with study."[16]

**The Lair**

Through its staff and The Office of Campus Activities, The Lair serves as a gathering place for both commuter and resident students. It provides social, cultural and recreational programming aiming to make leisure time a cooperative factor with study.

The Lair, located in lower Deneen Center, houses a game room and dining area which features (2) 37" LCD Screens and (2) 58" Plasma Screens - all with satellite television channels and (2) 27" televisions with cable television. This is a great place to catch the big game, keep up with your fantasy sports games, or watch your favorite show with your friends!

The Office of Campus Activities, also located in The Lair, serves as a resource center for campus involvement. Schedule an appointment to assess your interests and needs for involvement, whether joining a campus organization, or if you just want to find out what there is to do around campus. The office also serves as a resource for current members of Registered Student Organizations, offering leadership resources and information.

*[Callouts: "Social, cultural and recreational programming"; "Gathering place"; "Resource center for campus involvement"]*

25.    Thus, Plaintiffs and Class Members do not pay tuition merely for academic instruction but for in-person services, including face-to-face interaction with professors and peers, access to computer labs, libraries, and laboratories, and on-campus activities and organizations, yet when all that Defendant provides is online courses that must be attended away from campus, Plaintiffs and Class Members do not receive their bargained for in-person services.

26.    By not receiving the in-person services that they bargained for and only receiving online-instruction away from campus, Plaintiffs and Class Members have received

---

[16] https://www.mckendree.edu/student-life/involvement/rso/index.php (accessed 8/31/2020).

services of lesser value since Defendant implemented the COVID-19 related restrictions addressed herein.

27.     In addition, Plaintiffs and Class Members paid certain mandatory fees associated with student life. For example, for the 2019-2020 academic year, full-time students on McKendree's main campus were charged an "Activity/Health" fee in the amount of $1,100.00.[17]

28.     Students also paid a $100 graduation fee (if graduating), despite not having a graduation ceremony.

29.     After Defendant's COVID-19 related restrictions and switch to online learning went into effect, Plaintiffs and Class Members either no longer received the benefit of these mandatory fees or they received a decreased benefit from them, because the fees are primarily associated with the in-person services and/or access to campus. Yet Defendant has not provided reimbursements for the unused portions of these mandatory fees.

**Plaintiffs contracted with Defendant for in-person services**

30.     Plaintiffs and Class Members contracted with Defendant for in-person services for the Spring 2020 semester.

31.     While online-only instruction is the service that certain of Defendant's students bargain for, online-only instruction is not what Plaintiff and Class Members bargained and paid for. Notably, Defendant offers online degree programs that are separate from its in-person programs, and it has a separate webpage devoted to its online courses, programs, and degrees:[18]

---

[17] https://www.mckendree.edu/offices/financial-aid/coa_lebanon_campus_19-20.pdf (accessed 8/31/2020).

[18] https://www.mckendree.edu/admission/info/online/index.php (accessed 11/8/2020).

10



32.     Similarly, on its webpage devoted to "Academics," Defendant represents its online programs as separate from its undergraduate and graduate programs[19]:



33.     Furthermore, in its 2019-2020 undergraduate course catalog, McKendree refers to "McKendree Online" as a discrete and specific offering, stating that "McKendree University offers bachelor's degrees in an online format."[20] It then sets forth certain degrees that may be earned online. *Id*.

34.     Notably, the 2019-2020 undergraduate course catalog specifically states that "McKendree University reserves the right to restrict enrollment in classes designed for certain

---

[19] https://www.mckendree.edu/academics/index.php (accessed 11/8/2020).

[20] https://www.mckendree.edu/academics/info/course-catalogs/undergraduate-catalog-2019-2020.pdf (accessed 11/9/2020).

academic populations to members of those populations. Undergraduate students attending the Lebanon campus may take only one online course per semester." *Id*. at 15.

> **Admission to Specific Programs**
> McKendree University reserves the right to restrict enrollment in classes designed for certain academic populations to members of those populations. Undergraduate students attending the Lebanon campus may take only one online course per semester.

Undergrads at Lebanon: only 1 online course a semester

35.     The same language appears under a subheading entitled "Restrictions on Enrollment." *Id*. at 45.[21]

> **Restrictions on Enrollment**
> McKendree University reserves the right to restrict enrollment in classes designed for certain academic populations to members of those populations. Undergraduate students attending the Lebanon campus may take only one online course per semester.

Undergrads at Lebanon: only 1 online course a semester

36.     McKendree's graduate course catalog also refers to its "Online Programs," and sets forth certain graduate programs that are offered online.[22]

37.     The graduate course catalog also has a heading entitled "Lebanon Campus" and sets forth certain programs that "are offered on the Lebanon Campus." *Id*. at 4.

38.     Defendant therefore recognizes that its online programs are a distinct service from what it offers and provides to its in-person students.

---

[21] *See also Id.* at 43: "**Maximum Course Load** . . . • Undergraduate students attending the Lebanon campus may take only one online course per semester."

[22] https://www.mckendree.edu/academics/info/course-catalogs/graduate-catalog-2019-2020.pdf, at 5 (accessed 11/9/2020).

39.    On information and belief, for the 2019-2020 school year, Defendant charged full-time undergraduate students in its in-person programs $21,180 more than what it charged full-time undergraduate students in its online programs.[23]

40.    The 2019-2020 undergraduate course catalog also has a section entitled "Student Services," in which it states that "the University offers numerous services designed to address different aspects of each student's educational journey."[24] The services it references include the Holman Library, the "Student Success and Advising Center, located at 521 Stanton Street on the Lebanon campus," Disability Services, a Writing Center, and Career Services. *Id*. at 23-24. Furthermore, the catalog states: "Students may take part in a wide variety of co-curricular activities including music, debate, community service, Greek life …," and also references its athletic teams and "The Hettenhausen Center for the Arts," which it states is "Southern Illinois' premier performing arts venue, presenting world class dance, drama, classical music and jazz. *Id*. at 6.

41.    The 2019-2020 graduate course catalog contains a similar "Student Services" section, in which it also states that "the University offers numerous services designed to address different aspects of each student's educational journey."[25] Services it references include the Holman Library, Disability Services, a Writing Center, and Career Services. *Id*. at 19-20. The

---

[23] *See* https://www.mckendree.edu/offices/financial-aid/coa_lebanon_campus_19-20.pdf (tuition of $30,540.00 for full-time undergraduate students attending McKendree's main Lebanon campus); https://www.mckendree.edu/offices/financial-aid/coa_worldwide_programs_19-20.pdf (tuition of $9,360 for full-time undergraduate online students).

[24] https://www.mckendree.edu/academics/info/course-catalogs/undergraduate-catalog-2019-2020.pdf, at 23 (accessed 11/9/2020).

[25] https://www.mckendree.edu/academics/info/course-catalogs/graduate-catalog-2019-2020.pdf, at 19 (accessed 11/9/2020).

graduate catalog also contains the same language set forth above as in the undergraduate catalog as to the co-curricular activities that students may take part in. *Id*. at 4.

42.    Furthermore, when students sign up for courses, Defendant represents the location of the course, or whether it is online.

43.    Additionally, in its Student Handbook, Defendant offers a variety of in-person services to its in-person students. The handbook sets forth the hours of operation and location of various buildings and services for students to access, including the dining hall, bookstore, business office, computer lab, health services, counseling services, library, and fitness center. *Id*. at 5.[26]

44.    The Student Handbook also has a section devoted to "Making the Most of Your Time At McKendree: Resources on Campus," under which it states: "While academics are certainly part of the equation, the personal and community aspects of your university experience are equally important." *Id*. at 6.

45.    Within this section, there is a subsection regarding "Getting Involved On Campus" that references the "plenty of opportunities here at McKendree." *Id*. at 7. Defendant cites its "Office of Campus Activities, located on the lower level of Deneen," which "offers numerous opportunities for students … to become invested in and connected to life at McKendree University." *Id*. It further cites its fraternity & sorority life, recreational gym, and the "Russel E. and Fern M. Hettenhausen Center for the Arts," as additional ways to get involved on campus. *Id*. at 8-11.

---

[26] https://www.mckendree.edu/policies/student_handbook.pdf, at 5 (accessed 11/8/2020). Plaintiffs intend to seek discovery as to the similarities between the 2020-21 Student Handbook and the 2019-2020 Student Handbook, which is not publicly available.

14

46.    Within the section for "Making the Most of Your Time At McKendree: Resources on Campus," there is also a subsection entitled "Your Academic Needs," in which Defendant states the benefits of its "Holman Library" which "provides ample space for students to study," its "Information Technology Department" located "in the lower level of the Piper Academic Center," the "Student Success and Advising Center, located in the lower level of Clark Hall," and the "Writing and Tutoring Center," located on the second floor of Holman Library, Room 208." *Id*. at 12-13.

47.    Thus, Defendant clearly differentiates between its online services and in-person services, and as set forth above, it represents to its students the many benefits associated with the in-person services. It was therefore Plaintiff's and Class Members' reasonable expectation that by enrolling in in-person programs and courses they were bargaining and paying for services that included in-person courses and activities.

48.    This reasonable expectation was realized, as shown by the parties' course of dealing, including throughout the Spring 2020 Semester until the COVID-19 pandemic resulted in the restrictions set forth below, as well as prior semesters. During these periods, Plaintiffs paid Defendant tuition and fees and in return were provided with in-person services, including, *inter alia*, in-person classes and access to campus facilities, libraries, buildings, activities, and organizations.

49.    It was therefore the common understanding of Plaintiffs and Defendant that in return for the tuition and fees that Plaintiffs paid Defendant, Plaintiffs would be provided with in-person services, including in-person instruction and access to campus facilities and activities, and not simply online-only instruction. Defendant's provision of in-person services was therefore a material term of the parties' agreement, as their course of dealing shows.

15

50.     The switch to providing Plaintiffs and Class Members with nothing more than online course instruction away from campus deprived them of the in-person services for which they bargained and paid, including in-person instruction and access to campus facilities and activities, yet Defendant has refused to reimburse Plaintiffs and Class Members any tuition or student fees.

51.     Accordingly, Plaintiffs' claims are not for "educational malpractice," in that they are not based on the *quality* of instruction in particular classes; rather, they are based on Defendant's failure to provide specific in-person services as promised and for which Plaintiffs paid, and retention of the money paid for such services.

**COVID-19 related campus restrictions**

52.     On March 12, 2020, McKendree announced that non-online courses would be suspended on March 16 and 17 and would resume online on March 18, 2020.[27]

53.     It issued a "COVID-19 SPECIAL ANNOUNCEMENT" on March 20, 2020, stating: "Academic instruction will continue online through the close of the semester." *Id*.

54.     This message was conveyed on McKendree's website as part of an April 2, 2020 update to its "SPECIAL ANNOUNCEMENT."[28]

55.     McKendree further stated: "University-owned residence halls are open on an approved basis only. Students who remain in University housing without approval will be subject to disciplinary action and removal." *Id*.

---

[27] https://twitter.com/mckendreeu?lang=en (accessed 8/31/2020).

[28] https://web.archive.org/web/20200426224604/https://www.mckendree.edu/news/coronavirus-2020.php (accessed 8/31/2020).

56.     McKendree's April 2 update further stated that all student activities on campus were suspended until further notice and that the library was closed and only available electronically.[29]

57.     It also stated: "All University offices and facilities have moved to remote operations only." *Id*. As of McKendree's April 30 update, this remained unchanged.[30]

58.     As a result of these on-campus restrictions and move to online-only classes, Plaintiffs and Class Members were deprived of the full value of the tuition and fees that they paid in advance for in-person services. Nonetheless, Defendant has not provided any reimbursement for the tuition or fees paid by Plaintiffs and Class Members.

**Plaintiff Delisle's Experience**

59.     Plaintiff Delisle was an on-campus undergraduate student at McKendree's main Lebanon campus during the Spring 2020 semester. She paid tuition and fees to Defendant for the Spring 2020 semester. In doing so, Ms. Delisle paid for and expected to receive in-person services, including in-person instruction, access to campus facilities and activities.

60.     As a result of the restrictions and move to online only classes by Defendant set forth herein, Ms. Delisle did not receive the in-person services for which she bargained and paid, including *inter alia*, in-person instruction, access to campus facilities, libraries, and other services associated with being on campus.

61.     Furthermore, she has not received the full benefits associated with the student fees that she paid, including the Activity/Health fee and a graduation fee that she paid, due to

---

[29] https://web.archive.org/web/20200426224604/https://www.mckendree.edu/news/coronavirus-2020.php (accessed 8/31/2020).

[30] https://www.mckendree.edu/news/coronavirus-2020.php (accessed 8/31/2020).

the on-campus restrictions set forth herein and cancellation of Spring 2020 graduation ceremonies.

62.     Thus, despite paying for in-person services for the entire Spring 2020 semester, Ms. Delisle did not receive her bargained for in-person services after Defendant closed its campus and merely provided online-only instruction.

63.     Defendant has failed to reimburse Ms. Delisle any part of her tuition and fees. To the contrary, it has kept the entirety of her tuition and fees despite not having provided what she bargained for.

**Plaintiff Ponce's Experience**

64.     Plaintiff Ponce was an on-campus undergraduate student at McKendree's main Lebanon campus during the Spring 2020 semester. She paid tuition and fees to Defendant for the Spring 2020 semester. In doing so, Ms. Ponce paid for and expected to receive in-person services, including in-person instruction, access to campus facilities and activities.

65.     As a result of the restrictions and move to online only classes by Defendant set forth herein, Ms. Ponce did not receive the in-person services for which she bargained and paid, including *inter alia*, in-person instruction, access to campus facilities, libraries, and other services associated with being on campus.

66.     Furthermore, she has not received the full benefits associated with the student fees that she paid, including the Activity/Health fee, due to the on-campus restrictions set forth herein.

67.     Thus, despite paying for in-person services for the entire Spring 2020 semester, Ms. Ponce did not receive her bargained for in-person services after Defendant closed its campus and merely provided online-only instruction.

68.    Defendant has failed to reimburse Ms. Ponce any part of her tuition and fees. To the contrary, it has kept the entirety of her tuition and fees despite not having provided what she bargained for.

## DEFENDANT'S PRACTICES ARE UNETHICAL AND VIOLATED ESTABLISHED ETHICAL STANDARDS

69.    Defendant's practice of failing to provide reimbursements for tuition and fees despite failing to provide the in-person services for which Plaintiffs and Class Members bargained, as alleged herein, violates generally accepted ethical principles of business conduct.

70.    The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the American Marketing Association, "the leading organization for marketers [and] the trusted go-to resource for marketers and academics."[31]

**AMA Statement of Ethics**

71.    The American Marketing Association ("AMA") "commits itself to promoting the highest standard of professional ethical norms and values ..." **Ex. A**.[32] As such, it has published its "Statement of Ethics." *Id.* AMA states that "marketers are expected to embrace the highest professional ethical norms and the ethical values implied by our responsibility toward multiple stakeholders (e.g., customers ...)." *Id.* Thus, the Statement of Ethics contains "Ethical Norms," which "are established standards of conduct that are expected and maintained by society and/or professional organizations." *Id.*

---

[31] https://www.crunchbase.com/organization/american-marketing-association#section-overview (accessed 8/31/2020).

[32] Available at https://www.ama.org/codes-of-conduct/ (accessed 8/31/2020).

72.    The AMA's Ethical Norms state that marketers must "consciously avoid []
harmful actions and omissions," "striv[e] for good faith and fair dealing," "avoid [] deception in
... pricing, communication, and delivery of distribution," and affirm "core values" of honesty, ...
fairness [and] transparency."

73.    By not providing appropriate reimbursements to students despite not offering the
in-person services that it promised, Defendant violated these Ethical Norms because, among
other reasons, it did not strive (or achieve) good faith and fair dealing and did not affirm the
core values of honesty, fairness and transparency.

74.    The AMA has also published "Ethical Values," which "represent the collective
conception of what communities find desirable, important and morally proper." *Id.* These
Ethical Values include honesty and "[h]onoring our explicit and implicit commitments and
promises."

75.    By not providing reimbursements to students despite failing to offer the in-
person services that it promised, Defendant violated these Ethical Values, because, among other
reasons, it did not honor its explicit and implicit commitments and promises.

## CLASS ACTION ALLEGATIONS

76.    **The Class.** Plaintiffs bring this action on their own behalf and as a class action on
behalf of all undergraduate students enrolled in McKendree University within the United States for the
2020 Spring Semester who paid, in whole or in part, tuition or other fees for in-person services that
they did not receive in full.

77.    Specifically, Plaintiffs seek to represent the following Class and Subclass:

All undergraduate students enrolled in McKendree University within the
United States for the 2020 Spring Semester who paid Defendant, in whole or in
part, tuition and/or other fees for in-person services, but were denied in-person

20

services for the full 2020 Spring Semester based on Defendant's COVID-19 restrictions.

("Class")

All undergraduate students enrolled in McKendree University within the State of Illinois for the 2020 Spring Semester who paid Defendant, in whole or in part, tuition and/or other fees for in-person services, but were denied in-person services for the full 2020 Spring Semester based on Defendant's COVID-19 restrictions.

("Illinois Subclass").

78.     Excluded from the Class is Defendant, including any parent, subsidiary, affiliate, or controlled person of Defendant, Defendant's officers, directors, agents, employees and their immediate family members, as well as the judicial officers assigned to this litigation and members of their staffs and immediate families.

79.     Plaintiffs reserve the right to re-define the Class prior to class certification.

80.     **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Defendant. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

81.     **Common Questions of Law and Fact and Predominance.** Numerous questions of law and fact are common to Plaintiffs and the Class Members and predominate over any individual questions. Such common legal and factual questions include, but are not limited to:

a.  Whether Defendant has a policy of denying reimbursements, in whole or in part, to Plaintiffs and the Class Members based on the campus restrictions and move to online-only classes described herein;

b.  Whether Defendant's failure to provide Plaintiffs and Class Members the in-person services for which Plaintiffs and Class Members paid tuition, without any reimbursement, constitutes a breach of contract;

21

    c.   Whether Defendant has been unjustly enriched by its retention of tuition charged to Plaintiffs and Class Members for in-person services, which Plaintiffs and Class Members paid for but did not receive;

    d.   Whether Defendant's failure to provide Plaintiffs and Class Members the in-person services for which Plaintiffs and Class Members paid student fees, without any reimbursement, constitutes a breach of contract;

    e.   Whether Defendant has been unjustly enriched by its retention of student fees charged to Plaintiffs and Class Members for in-person services, which Plaintiffs and Class Members paid for but did not receive;

    f.   Whether Plaintiffs and Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

82.    **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.

83.    Plaintiffs and counsel are committed to prosecuting this action vigorously on behalf of the Class, and do not have any interests that are contrary to or in conflict with those of the Class they seek to represent.

84.    **Typicality.** Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and all Class Members were enrolled at McKendree for the 2020 Spring Semester and have suffered damages as a result of its move to online-only classes.

85.    **Superiority.** A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

86.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action.

87.    Absent a class action, the vast majority of Class Members would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims.

88.    In addition, particular issues are appropriate for certification under Fed. R. Civ. P. 23(c)(4), because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests thereon. Such particular issues include, but are not limited to:

a.    Whether Defendant breached its contracts with Plaintiffs and Class Members when it did not provide the in-person services for which they bargained for the entire 2020 Spring Semester and failed to provide any tuition refund;

b.    Whether Defendant breached its contracts with Plaintiffs and Class Members by retaining the full amounts paid for student fees without providing the full services the fees were intended to cover;

c.    Whether Plaintiffs and Class Members are entitled to actual damages and/or injunctive relief as a result of Defendant's wrongful conduct.

89.    Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

## <u>COUNT I: BREACH OF CONTRACT</u>
(Plaintiffs, the Class, and the Illinois Subclass)

90.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein, and further allege as follows:

91.     Plaintiffs and Class Members entered into contracts with Defendant under which they paid Defendant tuition and student fees in exchange for in-person services for the 2020 Spring Semester as described above.

92.     It was the mutual understanding of Plaintiffs and Class Members and Defendant, as shown by their course of conduct, Defendant's usual and customary practice of providing in-person services, and Defendant's statements in its catalogs and handbooks that in return for their tuition for the 2020 Spring Semester, Defendant would provide Plaintiffs and Class Members with in-person services.

93.     Plaintiffs and Class Members fulfilled their end of the bargain by paying Defendant's required tuition and student fees.

94.     Defendant breached its contracts with Plaintiffs and Class Members by ceasing to offer in-person services during the 2020 Spring Semester and only providing instruction through online courses, without offering any reimbursement.

95.     Accordingly, Defendant has failed to provide the services as required by its contracts with Plaintiffs and Class Members, and Plaintiffs and Class Members have not received the benefit of their bargains with Defendant.

96.     Plaintiffs and Class Members thereby suffered damages as a result of Defendant's breach.

97.     WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## COUNT II: UNJUST ENRICHMENT
### (Plaintiffs, the Class, and the Illinois Subclass)

98.     Plaintiffs bring this claim in the alternative to the breach of contract claim brought in Count I.

99.     Substantial benefits have been conferred upon Defendant from Plaintiffs and Class Members by Plaintiffs and Class Members paying for tuition and student fees for in-person services.

100.    Defendant knowingly accepted these benefits conferred on it by Plaintiffs and Class Members.

101.    The tuition and student fees Plaintiffs and Class Members paid to Defendant, as set forth above, were in exchange for, *inter alia*, in-person instruction, access to campus facilities, participation in campus organizations and student activities, and services related to student fees.

102.    Defendant failed to provide those in-person services during the 2020 Spring Semester when it transitioned to online-only classes away from campus because of the COVID-19 pandemic.

103.    Defendant either knew or should have known that, by moving to online-only education during the 2020 Spring Semester, it was not providing the in-person services for which Plaintiffs and Class Members paid and was providing a service of significantly lesser value.

104.    Despite its failure to provide the benefits owed to Plaintiffs and the Class, Defendant has retained the benefit of the amount of tuition and student fees Plaintiff and the Class provided, to Plaintiffs' and Class Members' detriment.

105.    Accordingly, Defendant has been unjustly enriched based on Plaintiffs' and Class Members' payments of tuition and fees for the 2020 Spring Semester.

106.    Defendant's acceptance and retention of these benefits under the circumstances make it inequitable for Defendant to retain these benefits without reimbursement to Plaintiffs and the Class based on the diminished value of the services they received.

107.    Plaintiffs and the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant based on its failure to issue such reimbursements.

108.    As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, and in the alternative to the claim for breach of contract, Plaintiffs and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

109.    WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray judgment against Defendant as follows:

1.    Certifying the Class as requested herein;

2.    Entering an order appointing Plaintiffs as class representatives and Plaintiffs' counsel as lead counsel for the Class;

3.    Awarding actual damages against Defendant in an amount to be determined;

4.    Awarding punitive damages against Defendant as the Court deems necessary or proper;

5.    Awarding injunctive and equitable relief as permitted by law or equity;

6.    Awarding pre-judgment and post-judgment interest;

7.    Awarding reasonable attorneys' fees and costs herein;

8.    Awarding such other and further relief as the Court deems fit and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.


Dated: June 6, 2024                    Respectfully submitted,

                                       **GOLDENBERG HELLER & ANTOGNOLI, P.C.**

                                       By:  */s/Daniel S. Levy*
                                           Daniel S. Levy, #6315524
                                           Richard S. Cornfeld, #0519391
                                           2227 S. State Route 157
                                           Edwardsville, IL 62025
                                           P. (618) 656-5150
                                           F. (618) 656-6230
                                           daniel@ghalaw.com
                                           rick@ghalaw.com

                                       *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2024, the foregoing was filed with the Court

Clerk via the Court's electronic filing system and served on upon all counsel of record via the

Court's electronic notification system.


                                       */s/ Daniel S. Levy*


27